UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANIEL MAGLIO,

        Plaintiff,

vs.                          Case No.   2:13-cv-200-FtM-29SPC

W. DAVENPORT, Law Library Supervisor,

        Defendant.
_____

**ORDER OF DISMISSAL**

This matter comes before the Court upon initial review of the file.  Daniel Maglio, a Florida prisoner, initiated this action by filing a Civil Rights Complaint Form (Doc. #1, Complaint) pursuant to 42 U.S.C. § 1983.  Plaintiff seeks leave to proceed *in forma pauperis*.  See Doc. #2.

**I.**

Plaintiff names W. Davenport, the law library supervisor at Charlotte Correctional Institution, as the sole Defendant.  Complaint at 1.  Liberally construed, the Complaint alleges a violation of Plaintiff's First Amendment right to access to the courts stemming from Defendant Davenport's refusal to make Plaintiff copies of his medical record.  Id. at 14.  Plaintiff claims he required copies of his medical records to prosecute a deliberate indifference to a serious medical condition claim in a § 1983 action (case number 09-14042-CV-King) before the United

States District Court for the Southern District of Florida. Id. As relief, Plaintiff requests that the Court "reopen case no. 09-14042-cv-King," grant a jury trial, and award him "nominal, compensatory, and punitive damages." Id. at 16.

**II.**

Because Plaintiff is currently confined in jail, the Prison Litigation Reform Act requires that the Court review the Complaint to determine whether the action is "frivolous, malicious, or fails to state a claim upon which relief can be granted; or seeks monetary relief from a defendant who is immune from such relief." See 28 U.S.C. § 1915(A)(a), (b)(1), (b)(2). In addition, 28 U.S.C. § 1915(e)(2) directs that the Court "shall dismiss the case at any time if the court determines that "the action . . . is frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)(ii). In essence, § 1915 is a screening process to be applied *sua sponte* and at any time during the proceedings. In reviewing a complaint, however, the courts must apply the long established rule that *pro se* complaints are to be liberally construed and held to a less stringent standard than pleadings drafted by attorneys. Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007). And, the court views all allegations as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004).

A case is deemed frivolous where the complaint lacks any arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319,

325 (1989); see also Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1349 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346 (11th Cir. 2001). Frivolous claims are those that describe "fantastic or delusional scenarios." Bilal, 251 F.3d at 1349. In considering whether dismissal is appropriate under § 1915(e)(2)(ii), the court applies the standard governing dismissal under Federal Rule of Civil Procedure 12(b)(6).[1] Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008); Mitchell v. Carcass, 112 F.3d 1483, 1490 (11th Cir. 1997). Section 1915(e)(2)(ii) is identical to the screening language of § 1915A. Thus, a complaint is subject to dismissal for failure to state a claim if the facts as plead do not state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1968-69 (2007). Additionally, the court may dismiss a case when the allegations in the complaint on their face demonstrate that an affirmative defense bars recovery of the claim. Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001).

### III.

As this is a § 1983 action, the initial inquiry must focus on the presence of two essential elements:

---

[1] The Court may take judicial notice of pleadings and orders when the documents are matters of public record and are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to resources whose accuracy could not reasonably be questioned. Home v. Potter, 392 F. App'x 800, 802 (11th Cir. 2010).

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States.

Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001).

Interference with an inmate's access to the court constitutes a First Amendment violation. Lewis v. Casey, 518 U.S. 343 (1996); Bounds v. Smith, 430 U.S. 817 (1977); Chandler v. Baird, 926 F.2d 1057 (11th Cir. 1991). The Supreme Court in Bounds made clear that institutions must make sure that inmates have "a reasonable adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." Id. at 825. Additionally, the Supreme Court explained that a plaintiff who alleges a denial of access to court claim must show how the interference caused the plaintiff harm or prejudice with respect to the litigation. Lewis, 518 U.S. at 349-351. "[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Id. at 351. Indeed, "[t]he injury requirement is not satisfied by just any type of frustrated legal claim." Id. at 354. Specifically, a plaintiff must show that the denial of access to court prejudiced him in a criminal appeal, post-conviction matter, or in a civil rights action under 42 U.S.C. § 1983 "to vindicate 'basic constitutional rights.'" Id. (quoting Wolff v. McDonnell, 418 U.S. 539, 579 (1974)).

Here, the Court finds this action subject to dismissal because Plaintiff cannot allege any injury as a result of Davenport's alleged failure to make copies of Plaintiff's medical records. The Court takes judicial notice of the filings in case number 2:09-cv-14042 (S.D. Fla. 2009), specifically the order granting Defendants' motion for summary judgment. See Id. at Doc. #100 (hereinafter "Order"). Contrary to Plaintiff's allegations in the Complaint, the Order noted that it reviewed the medical records submitted by **both parties**. Id. at 4 (emphasis added). To the extent that Plaintiff may have submitted incomplete copies of his medical records as a result of Davenport's actions, the Court nevertheless noted that it had complete copies of the records. Id. at 15. Significantly, the Order addressed the merits of Plaintiff's deliberate indifference claim and did not dispose of any claim based on Plaintiff's failure to file copies of his medical records. See generally Id.

ACCORDINGLY, it is hereby

**ORDERED**:

1.   The Complaint is **DISMISSED** without prejudice pursuant to § 1915(e)(2)(b)(ii).

2.   Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. #2) is **DENIED.**

3.  The Clerk shall enter judgment accordingly, terminate all deadlines, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, on this __15th__ day of March, 2013.

JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record